UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HSBC BANK NEVADA, N.A.                          CIVIL ACTION

VERSUS                                          NO: 10-1527

MURUNGI                                         SECTION: "J" (5)

**ORDER AND REASONS**

Plaintiff HSBC Bank Nevada ("HSBC") filed a Motion to Dismiss Counter Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. Doc. 12). Defendant James H. Murungi ("Murungi") filed a Response/Memorandum in Opposition (Rec. Doc. 15) and a Motion to Strike HSBC's State Court Answer (Rec. Doc. 16). Plaintiff HSBC filed a Response (Rec. Doc. 18). Defendant filed a second Response/Memorandum in Opposition to Plaintiff's Motion to Dismiss (Rec. Doc. 20).

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

HSBC provides a variety of financial services to its customers, including issuing credit cards and lines of credit. HSBC claims that it issued a credit card to Murungi on March 14, 2007.

1

HSBC further alleges that on September 28, 2008 Murungi defaulted, with a balance due on his account in the amount of $6,649.01. On June 24, 2009, an initial demand letter was sent to Murungi at his Louisiana address, notifying him of his account due with HSBC and providing him with possible courses of action. On September 2, 2009, HSBC filed its Petition on Murungi's open account in the 22nd Judicial District Court for St. Tammany Parish, Louisiana (Rec. Doc. 3-1). On April 7, 2010, Murungi responded to HSBC's Petition with an Answer, Affirmative Defenses, and Counter Claim (Rec. Doc. 3-2). In his Answer, Murungi denied owing any money or obligation to HSBC. He also asserted a Counter Claim Demand against HSBC, alleging multiple federal and state law violations.

On May 20, 2010, HSBC removed the case to the United States District Court for the Eastern District of Louisiana, filing this Motion to Dismiss Counter Claim on June 16, 2010.

**THE PARTIES' ARGUMENTS:**

Murungi's original petition claims that HSBC violated the Fair Debt Collection Practices Act ("FDCPA") by "failing to provide [him] with [the] alleged debt for dispute and validation" and filing suit before sending such debt validation to him. He further alleges that HSBC falsely represented "the legal status of the alleged debt in court papers," "the document as legal process," and

"the 'account stated.'" Murungi claims that each of the foregoing FDCPA violations was committed by HSBC and its agents in bad faith. In addition, Murungi alleges that HSBC damaged his credit rating and violated the Fair Credit Reporting Act ("FCRA") "by continued reporting beyond the prescriptive period." Lastly, he is asserting state law claims for harassment, defamation, and intentional infliction of emotional distress.

HSBC avers that, with respect to each claim alleged in Murungi's Counter Claim Demand, Murungi fails to state a claim upon which relief can be granted. Specifically, HSBC argues that this Court should dismiss Murungi's FDCPA claims because HSBC is not a debt collector under the FDCPA. Furthermore, this Court should dismiss Murungi's FCRA claim because his account is not prescribed and may be reported until March 28, 2016. Finally, this Court should dismiss Murungi's state law claims because he fails to allege any factual support.

In his Response, Defendant Murungi cites outdated case law for the proposition that dismissal under Rule 12(b)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Defendant asserts that his Counter Claim meets this standard and should not be dismissed. In relation to his FDCPA

claims, Murungi avers that HSBC lawyers fall within the definition of "debt collectors," thus making applicable provisions of the FDCPA. Defendant further clarifies that his tort claims arise out of the FDCPA. He states that HSBC publishing his name in "Sunday Picayune Newspaper" caused Defendant "extreme emotional distress, defamed and caused an invasion of his privacy" (Rec. Doc. 15). Defendant asserts that HSBC demanded payment from Murungi on the debts while no legal basis existed for such demands. There was no evidence in any court records that would show Murungi indeed owed any money to HSBC. Defendant concludes by stating that HSBC is "rated by consumers as one of the worst banks and here their collection lawyers are involved in sleazy method of process server by lying to the court . . ." (Rec. Doc. 15).

Defendant Murungi also filed a Motion to Strike Plaintiff's State Court Answer, alleging that HSBC's answers are barred by application of Fed. R. Civ. P. 81(c)(2). Murungi asserts that HSBC's answer was not timely and should be stricken. Plaintiff asserts that Rule 12 provides that the deadlines to file an answer to a counter claim are altered when a party files a Rule 12 (b) Motion. If HSBC's Rule 12 Motion is denied, then the deadlines for filing an answer and defenses begin to run, but not until that point. If Plaintiff's claims are dismissed for failing to state a

cause of action, then the need to file an answer is moot.

**DISCUSSION:**

This Court starts out by addressing Defendant Murungi's Motion to Strike. Having reviewed Defendant's Motion, this Court finds that this Motion is frivolous.[1] Plaintiff HSBC properly and timely filed its Motion to Dismiss, which this Court now proceeds to address.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff." Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal

---

[1] It is necessary to note that Murungi has previously filed multiple lawsuits similar to the one at bar; many of his lawsuits have already been dismissed. See, e.g., Murungi, et al v. Mercedes Benz Credit, No. 00-3200; Murungi, et al v. Mercedes Benz Credit, et al., No. 01-714; Murungi, et al. v. Mercedes Benz Credit, No. 01-2006; Murungi v. Simmons, et al., No. 01-2435; Murungi v. Mercedes Benz Credit, et al., No. 02-1778, etc.

conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

Although pleadings by pro se claimants are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Having reviewed Defendant's pleading, this Court finds that Murungi's Counter Claim cannot withstand scrutiny under Rule 12(b)(6) and the case law interpreting the Rule. Murungi's Counter Claim asserts that HSBC "willfully or negligently violated" provisions of the FDCPA by "failing to provide [him] with [the] alleged debt for dispute and validation" and "filing suit before Plaintiff sent proper debt validation to Defendant" (Rec. Doc. 3-2). The Counter Claim further alleges HSBC falsely represented "the legal status of the alleged debt in court papers," "the document as

legal process," and "the 'account stated.'" Id. Murungi claims that each of the foregoing FDCPA violations was committed by HSBC and its agents in bad faith. Id. In addition, Murungi alleges that HSBC "damaged [his] credit rating" and violated the FCRA "by continued reporting beyond the prescriptive period." Id. Lastly, the Counter Claim states that HSBC's "acts . . . were unconscionable tort of harassment of defendant, defamed defendant, tort of infliction of emotional distress to defendant . . . ." Id.

Defendant's Counter Claim does not contain any facts; rather it provides "legal conclusions masquerading as factual conclusions." Taylor, 296 F.3d at 378. Murungi does not specify what exactly HSBC did in violation of the FDCPA and the FCRA. He does not provide any supporting facts to back up his prescription and tort claims. Conclusory allegations do not survive the Rule 12(b)(6) test, as interpreted in Iqbal: Murungi has not pled enough facts "to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.

Rule 15 of the Federal Rules of Civil Procedure states that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic." Southmark Corp. v. Schulte Roth & Zabel ( In re Southmark Corp.), 88 F.3d 311, 314 (5th Cir. 1996) (quotation marks and citation

omitted). Under Rule 15, courts consider such equitable factors as "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 268 (5th Cir. 2004).

Even if this Court were to allow Defendant Murungi to amend his pleading, such amendment would be futile as to Murungi's claims of prescription under the FCRA and for violations of the FDCPA.

HSBC's claims have not prescribed under Louisiana law covering suits on open accounts. Pursuant to Louisiana Civil Code article 3494, a suit on an open account is subject to prescription of three years. La. Civ. Code Ann. art. 3494(4). Prescription commences to run from the last payment made to the account. Tolmas v. Weichert, 616 So. 2d 244, 246 (La. Ct. App. 1993) (citing Landreneau v. Duplechin, 595 So. 2d 1230, 1230-31 (La. Ct. App. 1992)). HSBC asserts that Murungi's last payment to HSBC was made on September 28, 2008, so his account does not prescribe until September 28, 2011. Furthermore, the FCRA permits delinquent credit card accounts to remain on a consumer's credit report for a seven-year period that begins to run 180 days after the account becomes delinquent. 15 U.S.C. § 1681c. As asserted by HSBC, the last activity on Murungi's account that occurred prior to HSBC's collection activity

was Murungi's last payment on September 28, 2008. The seven-year period during which the HSBC account could remain on his credit report began to run 180 days later, on or about March 28, 2009. Thus, Murungi's delinquent HSBC account may remain on his credit report until March 28, 2016. Therefore, Murungi's prescription claims cannot stand.

The FDCPA was enacted by Congress to eliminate "the use of abusive, deceptive, and unfair debt collection practices by . . . debt collectors." 15 U.S.C. §1692(a). As a creditor of Murungi, HSBC is excluded from the definition of a "debt collector." Under 15 U.S.C. §1692a(6)(A), "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" is not a "debt collector." HSBC attempted to collect what was owed to it in its capacity as a creditor. Hence, the provisions of the FDCPA are not applicable. Any amendment to Murungi's pleading would be futile.

Because the law is clear regarding liability under the FDCPA and prescription under the FCRA, additional facts will not cure Murungi's deficient pleading, thus making any amendment under Rule 15 futile and requiring dismissal with prejudice.

As for Defendant's state tort law claims, they fail to satisfy the standard under Iqbal and warrant dismissal under Rule 12(b)(6). This Court does not find that Murungi's Counter Claim states "a

claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940 (citing Twombly, 550 U.S. at 555). Murungi's tort law claims do not seem plausible to this Court.

Murungi fails to assert any facts in support of his claim for Intentional Infliction of Emotional Distress. Specifically, Murungi alleges no facts to demonstrate that HSBC's collection activities were extreme or outrageous; rather, he merely states that HSBC inflicted emotional distress upon him. Mere conclusions that are unsupported by facts do not set forth a cause of action.

Murungi fails to allege the proper tort of invasion of privacy and instead alleges the non-existent tort of harassment. Thus, Murungi fails to state a claim upon which relief can be granted and his harassment claim must be dismissed. Even if this Court was to consider that HSBC may have committed the tort of invasion of privacy based on Murungi's harassment claim, Murungi asserts no facts to support this allegation. Specifically, Murungi alleges no facts to demonstrate that HSBC's collection activities were unreasonable or oppressive; rather, he merely states that HSBC harassed him. Again, mere conclusions that are unsupported by facts do not set forth a cause of action. Accordingly, Murungi's

harassment claim is not actionable, even under the tort of invasion of privacy, and must be dismissed.

Murungi bears the burden of alleging sufficient facts to support a claim of defamation. However, Murungi fails to assert any facts to support this burden. Specifically, Murungi alleges no facts to demonstrate that HSBC's collection activities were false, made with fault, and injurious; rather, he merely states that HSBC defamed him. Mere conclusions that are
unsupported by facts do not set forth a cause of action.

For the foregoing reasons, Defendant's **Motion to Strike (Rec. Doc. 16)** is **DENIED**. Plaintiff's **Motion to Dismiss Counter Claim (Rec. Doc. 12) is GRANTED**. Consequently, Defendant Murungi's **Counter Claims (Rec. Doc. 3-2)** are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

New Orleans, Louisiana this 3rd day of August, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE